## HERBERT C. HELLER & CO., Inc., v. INTERNATIONAL COMMITTEE OF YOUNG MEN'S CHRISTIAN ASS'NS.

### No. 8722.

Court of Civil Appeals of Texas. San Antonio.

Feb. 24, 1932.

Cause Dismissed by Agreement June 8, 1932.

Sylvan Lang, Morris Wise, and Leslie Byrd, all of San Antonio, for appellant.

Terrell, Davis, McMillan & Hall, of San Antonio, for appellee.

FLY, C. J.

Appellant instituted this suit on a certificate of special assessment against lot 15, in new city block No. 425, in the city of San Antonio, on East Travis street, by the city in the extension of said Travis street from North Alamo street, formerly Avenue D, to Nacogdoches street. The court rendered judgment that the appellant, plaintiff in the trial court, take nothing by its suit and pay all costs.

The assessment was made against the "Army Y. M. C. A." on property abutting on the extension of Travis street. There was a notice by publication to all owners of property abutting on the proposed extension of Travis street. The city passed an ordinance to extend Travis street through from North Alamo to Nacogdoches street. The evidence showed that, instead of proceeding on straight across the block between Alamo street and Avenue E, it went straight for about 125 feet, then turned a short distance in an easterly direction, then in a southeasterly direction along the east line of the property of appellee. Had the line of Travis street been extended in the general direction followed by them on leaving Alamo street, they would have merely touched a north corner of the land, instead of turning and running along the entire northerly line of appellee's land.

The organization known as "Army Y. M. C. A." did not own the land against which the assessment was made, but it was the property of appellee, a New York corporation, which had no agent or representative in Texas, and had no connection with the Army Young Men's Christian Association, which was placed in possession of the land by the General Board of Young Men's Christian Associations. The Army Young Men's Christian Association owned no property and had no legal existence. It was not a legal entity, and it was operated by employees who had no connection with the owners of the property. The secretary of the Army Young Men's Christian Association appeared at the hearing held after the publication of the notice and contested the right to levy assessments against the property. Afterwards, without notice to any one, the assessments were changed so as to bear interest back of the time when the assessments were made. No notice was ever brought to the attention of appellee, which was the legal owner of the property, which was shown by a warranty deed, duly recorded in record of deeds of Bexar county in 1920. No effort was made to notify the owner of the property, domiciled in New York, with no agents in Texas.

We are of opinion that the city of San Antonio had plenary power under the law of Texas and its charter, not only to widen its streets, but to open up new streets, wherever necessity or convenience required, and to condemn the property necessary to such undertakings and to make assessments for benefits adjudged to be received by abutting owners, after due notice to such owners. This is clearly indicated in articles 1086 and 1097, where the opening of streets by a city is clearly contemplated. These statutes, as indicated by article 1103, are merely cumulative of powers granted by charters or other grants of authority. However, all these grants of power are based on proper notice to the landowner, before hands are laid upon his property. No notice of any character was given to appellee, the owner of the property. The only possible notice that was given was to the Army Young Men's Christian Association, which is not a legal entity and owns no real property. The notice was directed to it; the assessment was made against its imaginary property, with fanciful benefits resulting to a nonexistent concern. A due regard for the rights of the owner of the property would require the investigation of the record of deeds prepared and kept for that purpose. No effort was made to discover the owner, but a large sum was assessed against the property, and the only one notified was the occupant of the building on the land. The city knew, or should have known, that it had given no legal notice, through publication, or otherwise, to the nonresident owner of the property. Appellee was not mentioned in connection with the whole transaction, and no assessment against a party who owned no interest in the land can be binding on appellee. Had the original assessment been legal, the city of San Antonio had no authority to change the order of assessment in a material matter and thereby increase the liability of the owner. Appellant was charged with notice of the irregularities rendering the assessment illegal and void.

The judgment is affirmed.